### STATE ex GALLAGHER v TAX COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10510. Decided Dec. 9, 1929

John A. Elden and Ian M. Ross, both of Cleveland, for State ex Gallagher.

Arthur Krause & Neil W. McGill, both of Cleveland, for Tax Commission.

SULLIVAN, J.

It is apparent from the record that the Gallagher case supra was heard and decided by the Supreme Court prior to the expiration of the year in which it is admitted that the exemption was effective

under the ruling of the Supreme Court in the case to which reference has been made. It is also obvious from the decision itself and the record, that practically the same arguments and authorities cited during the hearings of the Gallagher case supra are cited in the instant case and this is significant as determinative of the question as to whether the Gallagher case supra applies to the present case even though the foundation of the petition applies to the taxes of 1926. The attempt to disparage the effect of the Supreme Court decision under discussion is based upon the theory that a year having expired that the decision does not apply even though it was admitted in argument and is not in any manner repugnant to the record, that the Welfare Federation from the time of the grant to the present, has continued and expects to continue the use of the property in question for charitable purposes. Thus it becomes important to determine whether the doctrine and the principle laid down in the Gallagher case supra embraces and applies to the record in the instant case and it is our conclusion that it does because amongst other reasons is the absence in the record of any discontinuance of the use for charitable purposes especially when it affirmatively appears that the use for such purposes has been until the present time, uninterrupted. It is the doctrinal foundation, we think, of the Gallagher case that is decisive of the question although the decision was made effectual at least until the end of the use of the property for charitable purposes by the Welfare Federation.

On June 20, 1925, the Tax Commission of Ohio decided that the property belonged to the Welfare Federation of Cleveland and that it was used for charitable purposes and consequently is legally exempt from taxation under 5353 GC. The Commission not only granted the exemption but directed that the property be listed in Cuyahoga County upon the duplicate as exempt from taxation for the year 1925 and thereafter, as long as its use for welfare purposes was exercised. The proper certification of this decision was made to the Auditor of Cuyahoga county and to the Welfare Federation of Cleveland, and the County Auditor recognizing the authority of the statutes obeyed and conformed to the authority of the decision of the Tax Commission but on October 31, 1923, Michael A. Gallagher filed a petition in the common pleas court seeking by injunctive process to restrain the Auditor and Treasurer of Cuyahoga county from obeying the mandate of the Tax Commission and a demurrer to the original petition was sustained by the common pleas court on December 15, 1925 and subsequent thereto this court vacated the entry and gave leave for the filing of a supplemental brief and on April 5, 1926, the same judgment was pronounced upon the demurrer and thereafter an amended petition was filed, and on July 6, 1926, a demurrer thereto was sustained and on this date, the plaintiff not desiring to plead further, the action was dismissed and judgment entered for the defendants and thereafter the plaintiff filed his petition in this court which reversed the common pleas court and the cause thereafter was admitted to the Supreme Court and twice argued and thereafter on Feb. 13, 1929 the Supreme Court reversed the Court of Appeals and affirmed the common pleas court, and in April 1929, the plaintiff filed the petition in the instant case to which a demurrer was filed and sustained and thereafter an amended petition was filed and again a demurrer to this pleading was sustained and it is upon this judgment of the common pleas court upon the amended petition and demurrer that the cause is now pending for action in this court. Therefore the question arises, did the court commit error in the case at bar by sustaining the demurrer to the amended petition, and as before stated, it all depends upon whether the decision of the Supreme Court in Gallagher vs Tax Commission of Ohio, appearing in 120 OS. 139 is the law of the case at bar.

For the reasons already given it is our judgment, notwithstanding our ruling in the Gallagher case supra, that the doctrine and principle therein laid down is the supreme authority in the instant case, even though the judgment of this court may now be as it formerly was when the case first arose in this tribunal.

It is unnecessary for us to pass on any other points raised by the record in the case at bar and especially because of our former judgment in Gallagher supra and thus holding, the judgment of the lower court is affirmed upon the authority of Gallagher vs Tax Commission of Ohio, 120 OS. 139.

Vickery, PJ., and Levine, J., concur.